**INTERNATIONAL DAIRY ENGINEER-ING CO. OF ASIA, INC. and Foremost Dairies Vietnam, S.A.R.L., Plaintiffs-Appellants,**

v.

**AMERICAN HOME ASSURANCE COM-PANY, Defendant-Appellee.**

**No. 26742.**

United States Court of Appeals, Ninth Circuit.

Jan. 3, 1973.

Harlon P. Rothert (argued), of Cushing, Cullinan, Hancock & Rothert, Wayne D. Hudson, Thomas F. Wolfe, J. Robert Notz, Jr., Legal Dept., Foremost-McKesson, Inc., San Francisco, Cal., for plaintiffs-appellants.

W. Martin Tellegen (argued), Lyman Henry, of Hall, Henry, Oliver & McReavy, San Francisco, Cal., for defendant-appellee.

Before HAMLIN, BROWNING and WRIGHT, Circuit Judges.

HAMLIN, Circuit Judge:

International Dairy Engineering Co. and Foremost Dairies (hereinafter Foremost) appeal from a determination by the United States District Court for the Northern District of California, sitting without jury, that the destruction by fire of certain of their property caused by a parachute flare dropped from an unidentified military aircraft came within the war risk exclusion clause of an insurance policy issued on said property by appellee American Home Assurance Co. (hereinafter American), so as to relieve the latter of liability thereunder.

Foremost urges reversal upon the grounds that the District Judge made inaccurate findings of fact and misinterpreted the applicable legal principles. We affirm.

Foremost maintained and operated a milk processing plant in the Thu Duc District, South Vietnam, which lies directly east of Saigon. The plant was situated approximately five miles east of Ton Son Nhut Air Base, a combined military-civilian airfield immediately adjacent to Saigon.

On June 1, 1965, American issued its Marine Open Policy No. 178 to Foremost. In addition to providing standard marine coverage for shipments to Vietnam, the policy was extended to afford land coverage to Foremost's property while at the warehouses or processing plants.

On May 26, 1967, a fire caused by an aerial parachute flare dropped from an unidentified military aircraft destroyed a large stock of Foremost's box material, valued at approximately $88,000, which had been stored directly adjacent to the processing plant.

The insurance policy was in full force and effect at the time, but American denied liability at trial solely on the basis that the loss was excluded by the policy's war risk exclusion clause, Paragraph 6A, providing in pertinent part:

"Notwithstanding anything contained to the contrary, this insurance is . . . warranted free from the consequences of hostilities or warlike operations (whether there be a declaration of war or not), but this warranty shall not exclude . . . fire . . . unless caused directly . . . by a hostile act by or against a belligerent power.

"Further warranted free from the consequences of civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or piracy."

The District Judge agreed with American, finding that (a) the dropping of the parachute flare which caused the fire destroying Foremost's property was a hostile act within the meaning of the aforementioned exclusion clause, and (b) the loss was a consequence of the belligerent activities, also within the provisions of the exclusion clause.

Foremost has argued strenuously on appeal that (1) the utilization of parachute flares by allied forces in Vietnam for various purposes precludes the labeling of the use of the parachute flare in question as a "hostile act"; (2) American failed to sustain its burden below of proving that the fire was a product of a civil war, rebellion, revolution, or insurrection; and (3) even if the dropping of the subject parachute flare is deemed a "hostile act," the fire loss should not be subject to the war risk exclusion clause, because it was the negligent dropping thereof, as opposed to the hostile character of its use which resulted in the fire.

The District Judge, in a well considered opinion dated June 23, 1970,[1] concluded that "the flare was obviously dropped in connection with military operations against . . . Viet Cong and . . . the loss was a consequence of civil war, revolution, rebellion, insurrection and civil strife arising therefrom,

1. Reference to this opinion in 352 F.Supp. 827 (N.D.Cal.1970) is made for further details and findings.

within the meaning of the policy."[2] An examination of the record shows these findings to be based on substantial evidence; they are certainly not "clearly erroneous."[3]

The Court further found that "the dropping of the flare was itself, a hostile act by one belligerent against another and was clearly the dominant, effective, proximate, direct cause of the loss regardless of whether that hostile act was negligently performed." The District Judge correctly summarized the applicable law in rejecting Foremost's contention that a hostile act loses its hostile character when negligently performed.

Judgment affirmed.

2. See, The Amy Warwick, 67 U.S. 635, 17 L.Ed. 459 (2 Black 635) (1862) ; Home Ins. Co. v. Davila, 212 F.2d 731, 736 (1st Cir. 1954).

3. United States v. Welp, 469 F.2d 688 (9th Cir. 1972). Foremost's assertion that this standard is modified in cases, such as this one, where some of the evidence consists of depositions, is not the law in this circuit. Snider v. England, 374 F.2d 717, 720 (9th Cir. 1967) ; Lundgren v. Freeman, 307 F.2d 104, 113–115 (9th Cir. 1962).